UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

       Plaintiff,

v.

SHOLOM RABKIN,

       Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
18-CV-00690 (MKB)

MARGO K. BRODIE, United States District Judge:

  Plaintiff United States of America (the "United States") commenced the above-captioned action on January 31, 2018, pursuant to 26 U.S.C. § 7401 *et seq.*, against Defendant Sholom Rabkin, seeking to reduce to judgment unpaid federal tax liabilities. (Compl., Docket Entry No. 1.) Defendant failed to respond to the Complaint or appear in the action, and on May 21, 2018, Plaintiff filed a request for a certificate of default with the Clerk of Court. (Request for Cert. of Default, Docket Entry No. 7.) The Clerk of Court issued a certificate of default on December 20, 2016. (Clerk Entry of Default, Docket Entry No. 8.)

  Currently before the Court is Plaintiff's motion for a default judgment against Defendant in the amount of $66375.53 plus costs[1] and post-judgment interest. (Pl. Mot. for Default J. ("Pl. Mot."), Docket Entry No. 9.) For the reasons discussed below, the Court grants in part and denies in part Plaintiff's motion.

---

[1] While Plaintiff seeks costs in the Complaint, Plaintiff appears to have abandoned this claim in its motion as it does not provide the Court with any information to determine costs. The Court therefore does not address whether Plaintiff is entitled to costs.

## I. Background

Plaintiff alleges that the Secretary of the Treasury properly gave notice of unpaid tax liabilities to Defendant for periods ending December 31, 2001; March 31, 2002; June 30, 2002; September 30, 2002; December 31, 2002; December 31, 2004; March 31, 2006; and June 30, 2006, and further asserts that Defendant failed, neglected, or refused to pay these taxes in violation of 26 U.S.C. § 6672. (Compl. ¶¶ 4–6.) Plaintiff alleges that the tax liabilities Defendant incurred in 2001 and 2002 were assessed on February 21, 2005, and the liabilities incurred in 2004 and 2006 were assessed on March 3, 2008. (*Id.* ¶ 4.) Plaintiff assesses the total amount of unpaid taxes as $66375.53 plus additional amounts accrued from or after June 30, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c).). (*Id*. at 3; Decl. of Andrew Barone in Supp. of Pl. Mot. ("Barone Decl."), Docket Entry No. 9-2.)

Plaintiff submits affidavits in support of its motion establishing the amount of unpaid liability, (Barone Decl.), and that Defendant is not a minor, incompetent, or an active member of the United States Armed Forces, (Decl. of Marie E. Wicks in Supp. of Pl. Mot. ("Wicks Decl."), Docket Entry No. 9-1).

## II. Discussion

### a. Standard of review

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not

entitled to default judgment as a matter of right, merely because a party has failed to appear or respond," *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). "A default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013); *LG Funding, LLC*, 2015 WL 4390453, at *2 ("To determine whether the default judgment should issue, the [c]ourt examines whether 'the factual allegations, accepted as true, provide a proper basis for liability and relief.'" (quoting *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010))).

The decision to grant a motion for default judgment is left to the sound discretion of the district court. *See Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009) ("In permitting, but not requiring, a district court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion of the district court."); *Palmieri v. Town of Babylon*, 277 F. App'x 72, 74 (2d Cir. 2008). In determining whether to grant a default judgment, the court looks to the same factors which apply to a motion to set aside a default judgment, namely: (1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–171 (2d Cir. 2001); *United States v. Myers*, 236 F.

Supp. 3d 702, 706 (E.D.N.Y. 2017).

### b. Defendant's default is willful

The Court first considers whether the default was willful. A default is considered willful where the defendant fails to answer a complaint without explanation or justification. *See S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998); *Myers*, 236 F. Supp. 3d at 707; *see also Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding that failure to respond to both the complaint and a motion for default judgment demonstrates willful conduct).

Plaintiff filed an affidavit of service demonstrating that Defendant was served on February 13, 2018. (Executed Summons, Docket Entry No. 6.) Despite being properly served, Defendant failed to answer the Complaint, respond to Plaintiff's motion, or otherwise appear in the action. Accordingly, the Court finds Defendant's default to be willful.

### c. Some of Plaintiff's claims are untimely

The Court next considers whether the Defendant has a meritorious defense. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quoting *Anilina Fabrique de Colorants v. Aakash Chems. & Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)) (internal quotation marks omitted); *Myers*, 236 F. Supp. 3d at 707. Where the defendant fails to answer the complaint, a court is unable to determine whether the defendant has a meritorious defense to the plaintiff's claims. *See Myers*, 236 F. Supp. 3d at 707–08 (citing *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-CV-46, 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012)). Nevertheless, the court must still determine whether plaintiff can demonstrate that the allegations in the complaint state valid claims. *See Said v. SBS Elecs., Inc.*, No. 08-CV-3067,

2010 WL 1287080, at *2 (E.D.N.Y. Mar. 31, 2010) ("[A] defendant's failure to answer or otherwise respond to the complaint is not sufficient to establish liability on its claims; rather, plaintiff bears the burden of demonstrating that the uncontroverted allegations, without more, establish that defendants are liable on each claim.").

### i. Plaintiff has established that it is owed unpaid taxes

Accepting all allegations in the Complaint as true, Plaintiff has alleged Defendant's liability for unpaid taxes pursuant to 26 U.S.C. § 6672. Section 6672 provides that:

> [a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672

Pursuant to 26 U.S.C. § 7402, "the district courts of the United States . . . shall have such jurisdiction to make and issue in civil actions . . . orders . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402; *see also Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 701 (2d Cir. 2010) (stating that section 7402 "vests the district courts of the United States with jurisdiction to hear civil actions and to render such judgments and decrees 'as may be necessary or appropriate for the enforcement of the internal revenue laws.'" (quoting 26 U.S.C. § 7402(a))). Section 7401 of the U.S. Code authorizes the United States to bring civil actions for the collection of taxes, fines, and penalties where the Secretary authorizes the proceedings and the Attorney General or his delegate directs that the action be commenced. *See* 26 U.S.C. § 7401.

Plaintiff has adequately alleged that Defendant's taxes, fines, and penalties are due and owing. (*See generally* Compl.) Plaintiff alleges that Defendant failed to pay the income tax due

during a period from December of 2001 through June of 2006. (*Id*. at 3.) After Defendant failed to pay his full federal tax liabilities, a delegate from the Secretary of the Treasury made an assessment against Defendant for the unpaid taxes, penalties, and interest for these years. (*See* Barone Decl.) The Secretary of the Treasury provided notice to Defendant of these tax liabilities but, despite notice and demand, Defendant failed, neglected, or refused to pay his tax liabilities. (Compl. ¶¶ 5–6.) Finally, Plaintiff has alleged that this suit was commenced with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, as required under 26 U.S.C. § 7401. (*See id.* at 1.)

### ii. Plaintiff has not established that all of its claims are timely

Plaintiff has not adequately alleged that all of its claims are timely. *See De Santis v. City of New York*, No. 10-CV-3508, 2014 WL 228659, at *6 (S.D.N.Y. Jan. 22, 2014) (finding court had discretion to vacate default judgment where statute of limitations argument was apparent on the face of the complaint). Actions to collect unpaid taxes must be brought within ten years of the assessment date. 26 U.S.C. § 6502(a)(1); *see also McConnell v. United States*, No. 14-CV-5355, 2017 WL 167917, at *3 (S.D.N.Y. Jan. 17, 2017) ("The statute of limitations for the Government to collect unpaid tax is ten years from the date of the tax assessment.").

Defendant's alleged tax liabilities from the years 2004 and 2006 were assessed in March of 2008, within ten years of the filing of the action. (*See* Compl. ¶ 4.) As a result, those claims are timely. However, the tax liabilities Defendant allegedly incurred in 2001 and 2002 were assessed in February of 2005, (*see id*. ¶ 4), more than ten years prior to the date Plaintiff commenced this action in January of 2018. Plaintiff argues that the ten-year statute of limitations should be tolled for the February of 2005 assessment because: (1) the parties entered

into an installment agreement, (2) Defendant requested a collection due process hearing, and (3) Defendant made an offer in compromise. (*Id*. ¶ 7.)

### 1. Installment agreement

First, Plaintiff argues that the statute of limitations for the February of 2005 assessment was tolled because the parties had agreed to an installment agreement which was in effect from the last quarter of 2001 to the final quarter of 2002. (*Id*. (citing 26 U.S.C. §§ 6331(i)(5), (k)(2), and (k)(3).)

Pursuant to section 6502, the statute of limitations may be tolled during and for ninety days after the expiration of any period for collection agreed upon in an installment agreement between the taxpayer and the Secretary. 26 U.S.C. § 6502(a)(2)(A); *see also* 26 U.S.C. §§ 6331(i)(5), (k)(2); *McConnell*, 2017 WL 167917, at *3 (finding question of whether tax claim was timely under the ten-year statute of limitations dependent upon whether the parties had executed an installment agreement).

While Plaintiff alleges the existence of such an installment agreement, the agreement appears to have expired at the end of 2002. (Compl. ¶ 7.) As a result, the latest date Plaintiff's claims can be tolled on this basis is ninety days after the agreement expired at the end of 2002, which nevertheless makes the claims untimely.

### 2. Collection due process hearing

Second, Plaintiff argues that the statute of limitations for the February of 2005 assessment was tolled because Defendant requested a collection due process hearing under 26 U.S.C. § 6330. (*Id*. (citing 26 U.S.C. § 6330(e)).)

Where a hearing is requested in relation to assessed tax liabilities, section 6330(e) suspends the statute of limitations during the pendency of the hearing and any subsequent appeal.

26 U.S.C. § 6330(e)(1); *see also United States v. Pollak*, No. 13-CV-280, 2015 WL 2251541, at *3 n.2 (D. Conn. May 13, 2015). This tolling period expires ninety days after there is a final determination. 26 U.S.C. § 6330(e)(1).

Because Plaintiff has failed to provide any dates in relation to the collection due process hearing that Defendant allegedly requested, (*see generally* Compl.), the Court cannot determine whether Plaintiff's claims were tolled to a date within ten years of the filing of this action.

### 3. Offer in compromise

Third, Plaintiff argues that the statute of limitations "was tolled under 26 U.S.C. §§ 6331(k)(1) and (k)(3) for the same assessments during the pendency of an offer in compromise and after the offer in compromise was denied." (*Id*. ¶ 7.)

Section 6331(k) provides, *inter alia*, that the statute of limitations under section 6502 shall be suspended and no levy may be made on the property rights of any person with respect to any unpaid tax during the period that an "offer-in-compromise" is pending with the Secretary and, if such offer is rejected, for thirty days thereafter. 26 U.S.C. § 6331(k); *see also United States v. Gershon*, No. 15-CV-01354, 2016 WL 7115930, at *4 (D. Conn. Dec. 6, 2016) ("The statute of limitations in respect of the Government's claims against [defendant] was suspended during the pendency of the several offers of compromise or installment payment agreement which [plaintiff] undisputedly (and without success) made to the Government.").

Plaintiff fails to provide any dates in relation to the offer in compromise. (*See generally* Compl.) Without these dates, the Court cannot determine whether Plaintiff's claims regarding the February of 2005 assessment are tolled to within ten years of the filing of this action.

Accordingly, Plaintiff has not adequately alleged that its claims with respect to the 2001 and 2002 tax liabilities — which were assessed in February of 2005 — are timely pursuant to section 6502.

### d. Plaintiff would suffer prejudice

As to Plaintiff's claims which are not time-barred, denying the motion for default would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." *Myers*, 236 F. Supp. 3d at 708–09 (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)).

Accordingly, having satisfied the three factors as to the tax liabilities assessed in March of 2008, Plaintiff is entitled to default judgment as to those claims but not as to the tax liabilities assessed in February of 2005.

## III. Damages

On a motion for default judgment, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (alteration in original) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed," however, "such a hearing is not mandatory." *Id.* No hearing is required "as long as [the court] ensure[s] that there [i]s a basis for the damages specified in the default judgment," *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted),

9

and this requirement may be satisfied "upon a review of detailed affidavits and documentary evidence," *Metro Found. Contractors Inc.*, 699 F.3d at 234; *see also McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) ("Even when the [district] court determined damages with the aid of a single affidavit only partially based upon real numbers, we have not found an abuse of discretion in the district court's failure to hold an evidentiary hearing." (citations and internal quotation marks omitted)).

The Court is unable to determine damages based on the documentary evidence submitted in support of Plaintiff's motion. Plaintiff provided the declaration of Andrew Barone, an advisor for the Internal Revenue Service, which states that Defendant's tax liabilities for 2004 and 2006 amount to a total of $47124.15. (*See* Barone Decl.) However, Plaintiff also seeks "statutory additions" from and after June 30, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C § 1961(c). (Compl. ¶ 6.) Because Plaintiff does not explain which "statutory additions" it believes it is entitled to nor detail the interest rates and periods relevant to calculate this rate, the Court cannot determine the amount of these additional sums. Accordingly, Plaintiff is directed to provide this information within twenty (20) days of this Memorandum and Order as to the March of 2008 assessment.

## IV. Conclusion

For the foregoing reasons, the Court finds that the Complaint fails to allege facts sufficient to state a timely cause of action pursuant to section 6672 for the tax liabilities incurred in 2001 and 2002 and assessed in February of 2005. Accordingly, the Court denies Plaintiff's motion as to those amounts and grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. The Court grants Plaintiff's motion as to the tax liabilities incurred in 2004 and 2006 and assessed in March of 2008, and directs Plaintiff to provide all information necessary to determine damages within twenty (20) days of this Memorandum & Order.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 2, 2018
       Brooklyn, New York